IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS SLIGAR, | ) |
|       Petitioner, | ) ) ) |
| vs. | ) ) Case Number CIV-05-64-C |
| RON WARD, | ) ) |
|       Respondent. | ) ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This pro se Petition for Writ of Habeas Corpus, brought by a state prisoner under the authority of 28 U.S.C. § 2241, was referred to United States Magistrate Judge Valerie K. Couch for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Judge Couch entered a Report and Recommendation on July 28, 2005, recommending denial. Petitioner has timely objected, and the Court considers the matter de novo.

The underlying facts and relevant law are clearly and fairly set forth in the Report and Recommendation of the Magistrate Judge and need not be repeated here, as there is no significant dispute. In his objection to Judge Couch's Report and Recommendation, Petitioner raises only a single issue: that the Magistrate Judge erred in failing to recognize that the computer code identifying the alleged misconduct on the Offense Report reflected a non-existent code. According to Petitioner, his due process rights were violated as, because of the error, he was not provided adequate notice of the charges against him.

To satisfy constitutional due process standards, prison disciplinary proceedings must satisfy four criteria:

> (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. . . . [and (4)] the findings of the prison disciplinary board are supported by some evidence in the record.

Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454 (1985). Here, Petitioner's challenge focuses on the first element. Petitioner argues that because of the erroneous computer code he did not know what charges he was facing. Petitioner's argument is without merit. The purpose of the written notice is "to inform him of the charges and to enable him to marshal the facts and prepare a defense." Wolff v. McDonnell, 418 U.S. 539, 564 (1974). Here, the Offense Report clearly explained Petitioner's alleged wrongdoing, the time, place, and recipient of the alleged threats, and that Petitioner was charged with menacing. Indeed, the only alleged error on the report is the computer code. In his Objection to the Report and Recommendation, Petitioner admits that he was aware of two possible menacing rules and that the allegations set out in the Offense report were sufficient to support a charge under either. Thus, there is no evidence that, as a result of the erroneous code, Petitioner was unaware of the charges against him and unable to marshal and/or prepare a defense. Accordingly, Petitioner's request for habeas relief must be denied.

Upon de novo review, the Court finds Petitioner has failed to set forth any evidence or argument demonstrating his due process rights were violated. Accordingly, the Report and

Recommendation of Judge Couch is adopted and the Petition will be DENIED. A separate judgment will enter.

IT IS SO ORDERED this 21st day of September, 2005.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge